[Cite as *Axelrod v. Dept. of Commerce*, 2019-Ohio-1820.]

| | |
|---|---|
| DAVID F. AXELROD, et al. | Case No. 2018-01458PQ |
| Requesters | Judge Patrick M. McGrath |
| v. | <u>ENTRY ADOPTING RECOMMENDATION OF SPECIAL MASTER</u> |
| OHIO DEPARTMENT OF COMMERCE, DIVISION OF SECURITIES | |
| Respondent | |

{¶1} On November 26, 2018, requesters David Axelrod and Trina Goethals filed a complaint pursuant to R.C. 2743.75 alleging that respondent Ohio Department of Commerce (DOC) denied access to public records in violation of R.C. 149.43(B). The parties resolved four of the original public records requests in mediation, but failed to resolve Requests Nos. 2 and 6. The case proceeded to the merits.

{¶2} Axelrod sent DOC a public records request on July 12, 2018 seeking:

2. Copies of all Division examination files and documents relating to Dock D. Treece, Treece Investment Advisory Corp. and/or Treece Financial Services, from January 1, 2008 through the present.

6. Copies of all communications between or among Division staff, attorneys and other employees, including paper correspondence, text messages, email, audio recordings and other electronic communications (whether on state-issued or personal devices), with any broker-dealer, investment advisor or other third party, who offered to sell or stated that it would sell, at no cost, advisor class shares to clients of other investment advisors.

(Response Exh. 1.) DOC responded that its investigatory and trial preparation records are prohibited from release under R.C. 1707.12, but it would review any publicly

available documents. (Response Exh. 2.) DOC later produced some records, but otherwise denied the requests as overly broad. The DOC asserts the records are subject to R.C. 1707.12(C), or to the attorney-client or work product privileges.

{¶3} The special master found that Request No. 6 is ambiguous and overly broad and thus unenforceable. The special master found that Request No. 2 is also improperly ambiguous and overly broad, with the exception of the severable request for "all Division *examination files* * * * relating to Dock D. Treece, Treece Investment Advisory Corp. and/or Treece Financial Services, from January 1, 2008 through the present." However, the special master found that the asserted exemption in R.C. 1707.12(B) encompasses the entirety of the examination files, and justified the DOC's denial of the otherwise valid request embedded in Request No. 2. The special master recommended the court grant respondent's motion to dismiss to the extent that Requests Nos. 2 and 6 are ambiguous and overly broad, and recommended the court deny requester's remaining claim for production of records from examination files pursuant to R.C. 1707.12(B).

{¶4} R.C. 2743.75(F)(2) states, in part: "Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk * * * ." No objections were filed by either party. The court determines that there is no error of law or other defect evident on the face of the special master's decision. Therefore, the court adopts the special master's report and recommendation as its own, including findings of fact and

conclusions of law contained therein. Court costs are assessed against the requester. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed April 25, 2019**
**Sent to S.C. Reporter 5/10/19**